1 Kates Stipulation Bankruptcy Case # 16-15025/JKF

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: Michael J. Kates,
    Debtor.

Nationstar Mortgage LLC,
    Movant,

v.

Michael J. Kates,
    Debtor,

Frederick L. Reigle, Trustee,
    Additional Respondent.

CHAPTER 13

BANKRUPTCY CASE NUMBER
16-15025/JKF

11 U.S.C. § 362

## STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and

other good and valuable consideration, the receipt and sufficiency of which is hereby

acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1.    This Stipulation shall govern all post-petition payments due and owing to Movant,

as set forth below:

2.    On or about July 15, 2016, Debtor named above filed a Voluntary Petition under

Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania under

the above case number.

3.    On or about October 3, 2017, Movant filed a Motion for Relief (the "Motion").

At the time of the Motion Debtor was post-petition delinquent.

4.    Debtor has since cured the post-post-petition delinquency.

5.    If Debtor provides proof of negotiated payments not already credited, they will

receive credit for those payments.

6.    Debtor shall continue to make post-petition mortgage payments in the following

manner:

2 Kates Stipulation Bankruptcy Case # 16-15025/JKF

    a)      Debtor shall resume making the regular monthly mortgage payments on  March 1, 2018 in the amount of $1,164.30, or as same may be adjusted from time to time in accordance with Paragraph (d);

    b)      If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

    c)      All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Nationstar Mortgage LLC, at P.O. Box 619094, Dallas, Texas 75261-9741;

    d)      Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

    5.      In the event that Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtor consents to the Court entering an Order granting Movant relief from the Automatic Stay.

    6.      In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, counsel for

3 Kates Stipulation Bankruptcy Case # 16-15025/JKF

Movant may file a Certification of Default with the Court and the Court shall enter an Order

granting relief from the automatic stay as to the Property.

7.      After Movant sends two (2) Notices of Default for Debtor's failure to remain post-

petition current, then Movant may file a Certification of Default with the court instead of sending

a third Notice of Default.

8.      Debtor understands that should Movant be forced to provide a written Notice of

Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of

$100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a

result of preparation of same.

9.      Debtor agrees that the Court may waive Rule 4001(a) (3), permitting Movant to

immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: _____ 2/19/18 _____       _____
                                      Kevin S. Frankel, Esquire
                                      Attorney for Movant

Dated: _____       _____
                                      Paul H. Young, Esquire
                                      Attorney for Debtor

Dated: _____ 2/21/18 _____       _____
                                      Frederick L. Reigle
                                      Trustee

        AND NOW, this _____ day of _____, 2018, it is hereby
ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this
Court.

                          BY THE COURT:

                          _____
                          HONORABLE JEAN K. FITZSIMON
                          UNITED STATES BANKRUPTCY JUDGE