United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                   Case No. 16-15025-jkf
Michael J. Kates                                                         Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: Randi         Page 1 of 1          Date Rcvd: Feb 26, 2018
                        Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 28, 2018.
db          +Michael J. Kates,    1347 Downs Place,    Philadelphia, PA 19116-1505

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 28, 2018                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 26, 2018 at the address(es) listed below:
      FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,   ecf_frpa@trustee13.com
      KEVIN S. FRANKEL    on behalf of Creditor    NATIONSTAR MORTGAGE LLC pa-bk@logs.com
      KRISTEN D. LITTLE    on behalf of Creditor    NATIONSTAR MORTGAGE LLC pabk@logs.com
      MARIO J. HANYON    on behalf of Creditor    Toyota Motor Credit Corporation paeb@fedphe.com
      MATTEO SAMUEL WEINER    on behalf of Creditor    Toyota Motor Credit Corporation
       bkgroup@kmllawgroup.com
      PAUL H. YOUNG    on behalf of Debtor Michael J. Kates support@ymalaw.com,   ykaecf@gmail.com,
       paullawyers@gmail.com,pyoung@ymalaw.com
      POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
       ecf_frpa@trustee13.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                               TOTAL: 8

1 Kates Stipulation Bankruptcy Case # 16-15025/JKF

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Michael J. Kates,<br>Debtor. | CHAPTER 13 |
| Nationstar Mortgage LLC,<br>Movant,<br>v.<br>Michael J. Kates,<br>Debtor,<br>Frederick L. Reigle, Trustee,<br>Additional Respondent. | BANKRUPTCY CASE NUMBER<br>16-15025/JKF<br><br>11 U.S.C. § 362 |

## STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, as set forth below:

2. On or about July 15, 2016, Debtor named above filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania under the above case number.

3. On or about October 3, 2017, Movant filed a Motion for Relief (the "Motion"). At the time of the Motion Debtor was post-petition delinquent.

4. Debtor has since cured the post-post-petition delinquency.

5. If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

6. Debtor shall continue to make post-petition mortgage payments in the following manner:

2 Kates Stipulation Bankruptcy Case # 16-15025/JKF

a) Debtor shall resume making the regular monthly mortgage payments on March 1, 2018 in the amount of $1,164.30, or as same may be adjusted from time to time in accordance with Paragraph (d);

b) If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

c) All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Nationstar Mortgage LLC, at P.O. Box 619094, Dallas, Texas 75261-9741;

d) Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

5. In the event that Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtor consents to the Court entering an Order granting Movant relief from the Automatic Stay.

6. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, counsel for

3 Kates Stipulation Bankruptcy Case # 16-15025/JKF

Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

7. After Movant sends two (2) Notices of Default for Debtor's failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a third Notice of Default.

8. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

9. Debtor agrees that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 2/19/18

Kevin S. Frankel, Esquire
Attorney for Movant

Dated: _____

Paul H. Young, Esquire
Attorney for Debtor

Dated: 2/21/18

Frederick L. Reigle
Trustee

AND NOW, this __24th__ day of __February__, 2018, it is hereby ORDERED that the foregoing Stipulation is approved, ~~shall be, and is made an Order of this Court~~.

BY THE COURT:

HONORABLE JEAN K. FITZSIMON
UNITED STATES BANKRUPTCY JUDGE